AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Nebraska

| United States of America | ) |
|---|---|
| v. | ) |
| EDIBERTO GARCIA DONIS | ) Case No. 8:25MJ443 |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 29, 2025__ in the county of __Lancaster__ in the _____ District of __Nebraska__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Reentry |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

CARL L. WISEHART, ICE DO
Printed name and title

☐ Sworn to before me and signed in my presence.

☑ Sworn to before me by telephone or other reliable electronic means.

Date: **Jul 31, 2025**

_____
Judge's signature

City and state:   Omaha, Nebraska

CHERYL R. ZWART, U.S. Magistrate Judge
Printed name and title

STATE OF NEBRASKA             )
                              )   AFFIDAVIT OF Carl L Wisehart
COUNTY OF DOUGLAS             )

Carl L Wisehart, being first duly sworn, hereby states that:

1. Your affiant is a Deportation Officer for the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), with over eighteen (18) years of federal law enforcement experience, duly appointed according to law and at the time of the events herein was acting in his official capacity.

2. Your affiant was previously an Immigration Enforcement Agent within ICE that was promoted to a Deportation Officer in 2011. In that capacity your affiant has had occasion to conduct numerous investigations relating to administrative and criminal violations of the Immigration and Nationality Act (INA).

3. Deportation Officers are empowered to interrogate and arrest with or without warrant, any person believed to be an alien in the United States in violation of law, pursuant to Section 287 of the Immigration and Nationality Act (INA) (8 U.S.C. 1357). This Affidavit is based upon your affiant's personal knowledge and information provided to him by other law enforcement officers involved in this investigation.

4. In his official capacity, your affiant had the opportunity to make inquiries related to Garcia Donis, Ediberto 098 931 748 (hereinafter "defendant"). Defendant came to the attention of ICE officers on October 26, 2024, after he had been arrested by the Lincoln Police Department for Felony Assault on an Officer, and Felony Burglary but despite an immigration detainer placed at the local jail, he had been released back to the community. Records checks showed defendant was previously removed from the U.S. on 3 prior occasions. Defendant was arrested by ICE officers without incident in front of the Lancaster County Nebraska courthouse on July 29, 2025, and was transported to the ICE office in Omaha Nebraska for processing. During processing, fingerprint results confirmed defendant's identity. It was confirmed defendant had previously been ordered removed via Immigration Judge Removal Order and was physically removed from the U.S. on 3 prior occasions.

5. Your affiant conducted inquiries including a thorough search of DHS and Federal Bureau of Investigation (FBI) records. The results of the inquiries allowed your affiant to locate and review the official alien registration file (A098 931 748), criminal history records (FBI # 211626RC8), and court reports documenting defendant's state conviction(s) and removal(s) from the United States.

6. Defendant's fingerprints were scanned and submitted into the FBI's Integrated Automated Fingerprint Identification System (IAFIS). The IAFIS system compared defendants' current fingerprint impressions to fingerprint impressions maintained in the database relating to persons who previously had been arrested by DHS or other law enforcement agencies. This comparison revealed that defendant had been arrested by DHS previously.

7. As a result of the positive match of fingerprints as described in paragraph 6, your affiant was able to locate a unique alien registration file (A098 931 748) relating to this defendant. Records in that alien registration file, as well as information in various databases maintained by DHS revealed that defendant had been ordered removed and removed from the United States to Guatemala prior to being found in the District of Nebraska in 2025.

8. Based on IAFIS identification of defendant's prior history, your affiant reviewed defendant's alien registration file. The alien registration file and corresponding searches of DHS indices confirmed that the defendant is an alien who has been removed from the United States on 3 prior occasions.

9. The defendant's alien registration file contains photographs, fingerprints and immigration documents identifying defendant as a citizen and national of Guatemala, removed from the United States to Guatemala, on 06/27/2007, 03/26/2009, and 07/31/2009 pursuant to a final Immigration Judge Removal Order issued on 06/27/2007 in Eloy Arizona.

10. A search of DHS indices failed to produce any current record of an application for lawful entry or lawful admission into the United States.

11. Affiant believes there is probable cause that defendant is in violation of 8 United States Code, §1326(a), an alien who is found in the United States after having been removed and who had departed while an order of removal was outstanding and unlawfully re-entered without having obtained the consent of the Secretary of Homeland Security to reapply for admission to the United States.

Affiant states that all statements contained in this affidavit are true and correct to the best of his knowledge.

_____
Carl L Wisehart, Deportation Officer
Immigration and Customs Enforcement

Presented before the court by reliable electronic means on: Jul 31, 2025

_____
CHERYL R. ZWART
United States Magistrate Judge
District of Nebraska